# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| **MISTY D. MAYS, Administratrix** | ) | |
| **and Personal Representative of the** | ) | |
| **Estate of Johnny Lee Mays, Jr.,** | ) | |
| **Deceased, and as the Surviving** | ) | |
| **Dependent Spouse of Decedent** | ) | |
| **Johnny Lee Mays, Jr., and** | ) | |
| **WILLIAM LEON BRYANT, JR.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:17-CV-0066-VEH** |
| | ) | |
| **GENERAL MOTORS LLC,** | ) | |
| **HOWARD BENTLEY BUICK** | ) | |
| **GMC, INC., and CAPITOL** | ) | |
| **MACHINE & EQUIPMENT** | ) | |
| **COMPANY, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

The Complaint in this civil action alleges that Johnny Lee Mays, Jr. and

William Leon Bryant, Jr. were injured while working as employees of Capitol

Machine & Equipment Company, LLC. ("Capitol"). According to the Complaint,

Mays and Bryant were riding in a pickup truck "manufactured, assembled, sold,

warranted and distributed" by General Motors, LLC ("GM") and Howard Bentley

Buick GMC, Inc. ("HBB"), when the truck "ignited on fire, resulting in serious and

traumatic injures, including burn injuries to . . . Mays and to . . . Bryant, and ultimately resulted in the death of . . . Mays." (Doc. 1-2 at 7-8).

This action was originally filed in the Circuit Court of Talladega County, Alabama, on December 13, 2016, by Misty Mays, in her capacity as the Administratrix and Personal Representative of the Estate of Johnny Lee Mays, Jr., and also in her capacity as the surviving spouse of Johnny Lee Mays, Jr. Bryant is named as a co-Plaintiff and sues on behalf of himself alone. The Plaintiffs named GM, HBB, and Capitol as Defendants. Mays makes a claim against Capitol for her husband's workers' compensation benefits. (Count Seven). Bryant also makes a claim against Capitol for his own workers' compensation benefits. (Count Twelve). Against GM and HBB the Plaintiffs allege various tort law theories all arising out of the truck fire. (Counts One, Two, Three, Four, Five, Six, Eight, Nine, Ten, and Eleven).

On January 13, 2017, GM removed the case to this Court, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), the diversity jurisdiction statute, despite the fact that the Plaintiffs, and Defendants HBB and Capitol, are all citizens of the state of Alabama. (Doc. 1). On February 10, 2017, the Plaintiffs moved to remand, asserting that there is not complete diversity of citizenship in this case, and

arguing that the removal was procedurally defective. (Doc. 21).[1]  For the reasons stated herein, the motion to remand will be **GRANTED**.

## I.    SUBJECT MATTER JURISDICTION AND FRAUDULENT JOINDER

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of South Alabama v. The American Tobacco Co., et al.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted). Moreover, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (*citing Shamrock*

---

[1] Although the Plaintiffs amended their motion on March 8, 2017 (doc. 31), the amendment merely added a table of contents. All future references to the Plaintiffs' motion will be to document 31.

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

"Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). The statute "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994). As alluded to above, in this case there is not complete diversity since HBB and Capitol are Alabama citizens and so are both Plaintiffs.

GM states that this Court should ignore the citizenship of HBB and Capitol because they have been "fraudulently joined"–added solely to destroy complete diversity and avoid removal of this case. "'[W]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court.'" *Christopher M. Hunt, Sr. v. Nationstar Mortgage, LLC, et al.*, No. 16-12832, 2017 WL 1325253, at *2 (11th Cir. Apr. 11, 2017) (*quoting Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011)). Very recently, a panel of the Eleventh Circuit noted:

> Fraudulent joinder can be established under two circumstances: (1) when there is no possibility that the plaintiff can establish a cause of action against the non-diverse defendant; or (2) the plaintiff fraudulently

4

> pleaded jurisdictional facts specifically to bring the action in state court and defeat diversity jurisdiction in federal court. [*Stillwell*, 663 F.3d at 1332].

*Hunt*, 2017 WL 1325253, at *2–3. There is also "a third situation in which the Eleventh Circuit has recognized fraudulent joinder 'where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.'" *Mabry v. Travelers Home & Marine Ins. Co.*, No. 2:16CV680-CSC, 2017 WL 1160576, at *2 n. 2 (M.D. Ala. Mar. 28, 2017) (Coody, J.) (*quoting Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)); *Alexander v. Whaley*, No. 216CV00921WHACSC, 2017 WL 694228, at *3 (M.D. Ala. Feb. 21, 2017) (Albritton, J.). This situation, referred to as "fraudulent misjoinder," proceeds from the requirement in Rule 20 of both the Alabama and Federal Rules of Civil Procedure that persons may be joined in one action as defendants if there is "asserted against them jointly, severally, or in the alternative," any right to relief in respect of or "arising out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." *See, Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) *abrogated for other reasons by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); Ala. R. Civ. P. 20(a);

Fed. R. Civ. P. 20(a). In *Tapscott* the Eleventh Circuit was clear that "[w]e do not hold that mere misjoinder is fraudulent joinder," but noted that misjoinder may be "so egregious as to constitute fraudulent joinder." *Tapscott*, 77 F.3d at 1360. It is the third type of fraudulent joinder (fraudulent misjoinder) which GM claims is present here.

## II. ANALYSIS

"A civil action in any State court arising under the [workers'] compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). "[T]he Eleventh Circuit has held that federal courts lack subject matter jurisdiction over removed [workers'] compensation claims." *Formosa v. Lowe's Home Centers, Inc.*, 806 F. Supp. 2d 1181, 1186 (N.D. Ala. 2011) (Blackburn, J.) (*citing Reed v. Heil Co.*, 206 F.3d 1055, [1061] (11th Cir.2000)); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1097 (11th Cir. 1997) ("Section 1445(c) is a jurisdictional-based limitation on the district court's removal power."); *Alansari v. Tropic Star Seafood Inc.*, 388 F. App'x 902, 905 (11th Cir. 2010) ("We have concluded that, under section 1445(c), a district court lacks subject-matter jurisdiction to review a retaliation claim arising out of state workers' compensation laws.") (citing *Reed*). Because this Court has no jurisdiction over the claims in Counts Seven and Twelve, those claims <u>must</u> be remanded to the Circuit Court of Talladega County,

Alabama.[2] The only issue is whether those claims alone, or the entire case, must be remanded.

## A. *There Is No Fraudulent Misjoinder in This Case.*

In its Notice of Removal, GM argues that these claims have been fraudulently misjoined, and therefore should be dismissed from this case. (Doc. 1 at 7-9)[3] . The Court does not agree. "[I]n an action with a workers' compensation claim and other tort claims seeking several liability for damages in a work-related incident, joinder [is] proper because the claims involve (1) several liability, and (2) common questions of fact." *Watson v. Gen. Elec., Inc*., No. CV 12 S 2661 NE, 2012 WL 5931884, at *5 (N.D. Ala. Nov. 26, 2012) (Smith, J.); *see also, Jernigan v. City of Eufaula, Ala*., 123 F. Supp. 3d 1322, 1330 (M.D. Ala. 2015) (Albritton, J.) (and cases cited therein); *Phillips v. R.R. Dawson Bridge Co.*, LLC, No. 2:14-CV-00480-LSC, 2014 WL 3970176, at *3 (N.D. Ala. Aug. 12, 2014) (Coogler, J.) (no fraudulent misjoinder

---

[2] This is true regardless of whether Capitol remains aligned as a defendant, or is realigned, as GM asks the Court to do, as a plaintiff. Further, even considering the merits of GM's realignment argument, the Court deems realignment to be inappropriate because the parties are already aligned to reflect their interests. The Plaintiffs have claims against Capitol for workers' compensation benefits. If the case contained only those claims, the parties would be aligned exactly as they are now. Further, the Court rejects GM's argument that realignment should occur because Capitol has a right of subrogation against GM and HBB. Such right does not change the fundamental antagonistic relationship between the Plaintiffs and Capitol *vis a vis* workers' compensation benefits. The Court rejects GM's argument that Capitol should be realigned as a plaintiff.

[3] In its response to the Motion to Remand, GM has not made this argument.

of workers' compensation claims and tort claims where "[a]ll of the claims . . . stem from [the plaintiff's] death while on the job"); *Wingard v. Guillot Textilmaschinen GMBH*, No. 2:08–cv–342–WKW, 2008 WL 4368884, at *3 (M.D.Ala. Sept. 23, 2008) (Watkins, J.) (citing FED.R.CIV.P. 20(a); *Williams v. CNH America, LLC*, 542 F.Supp.2d 1261, 1265 (M.D.Ala.2008) (Fuller, J.); *Brooks v. Paulk & Cope, Inc.*, 176 F.Supp.2d 1270, 1276 (M.D. Ala 2001)) (Albritton, J.).

GM contends that this case is different than those cited above because both Mays and Bryant have sworn that the allegations contained in Counts Seven and Twelve, respectively, "are true and correct." (Doc. 1-7 at 3,4). Therefore, the argument goes,

> [t]here is no fact in dispute about the obligation of Capitol . . . to pay workers' compensation benefits. Therefore, there are no overlapping facts involving the workers' compensation claims and the claims against GM. There is also no common question of law between the Plaintiffs' claims against Capitol . . . and their claims against GM.

(Doc. 1 at 8).

This argument fails for two reasons. First, just because the <u>Plaintiffs</u> believe and swear that their claims have merit does not resolve any dispute. As noted by the Plaintiffs, "if filing a verified complaint (which is required under [Alabama law]) was sufficient to demonstrate the absence of any dispute as to liability, there would never be a contested workers' compensation claim in the state of Alabama." (Doc. 31 at 31).

Second, Capitol, through its insurer Argos Risk Management, has expressly denied liability on Counts Seven and Twelve. (Doc. 31-7 at 2-4; doc. 31-8 at 2).

In support of its fraudulent misjoinder argument, GM cites *Callen v. Daimler Trucks N. Am., LLC*, No. 2:16CV311-WHA, 2016 WL 3566736, at *3 (M.D. Ala. June 29, 2016) (Albritton, J.) (doc. 1 at 8-9), another case in which tort law claims against a diverse defendant were joined with workers' compensation claims against a non-diverse defendant, all of which arose out of the same work place accident. In that case, Judge Albritton held that

> because Worker's Compensation benefits were paid, the undisputed evidence is that there are no additional benefits at issue, and the benefits were being paid at the time the Complaint was filed, there is no possibility that state law would impose liability on, and there is also egregious misjoinder of, the non-diverse defendant[.]

*Callen*, 2016 WL 3566736, at *3. Unlike *Callen*, in the instant case there is no evidence that workers' compensation benefits have been paid already. Indeed, there is a dispute as to whether benefits should be paid at all. Accordingly, it is possible that state law will impose liability on Capitol for those benefits.

*Jernigan v. City of Eufaula, Ala*., another decision from Judge Albritton, is instructive. In *Jernigan*, as in the instant case and as in *Callen*, the plaintiff was injured on the job and combined tort claims against a diverse defendant with workers' compensation claims against a non-diverse defendant. After noting that "there is a

possibility of several liability," the Court wrote:

> The second part of the Rule 20 inquiry is more complex, because unlike in *Brooks*, *Wingard*, and *Williams*, here, the [Defendant] has admitted liability on the worker's compensation claim, and only the determination of damages remains as to that claim. It may be . . . that there are no longer any "common questions of fact" because liability is decided as to worker's compensation and all that remains for a court to determine there is the ministerial act of calculating the statutorily provided death benefit. However, the court finds that if misjoinder has occurred, it is not "so egregious as to constitute fraudulent misjoinder," which is required under *Tapscott*. In making this determination, the court notes that any possible misjoinder was not present when the case was originally filed but has arisen only as a consequence of the actions of the [non-diverse Defendant], not the Plaintiff. The original complaint included fictitious Defendants "whose wrongful or negligent misconduct caused or contributed to the death of the Plaintiff's decedent." The claims in the Amended Complaint arose out of the same work-related accident and contained common questions of fact, absent the [non-diverse Defendant's] admission of liability. The court finds that the fact that [the diverse defendant] was added after the City filed an Answer admitting liability is not sufficient to dictate a finding of egregiousness.

*Jernigan*, 123 F. Supp. 3d at 1330. Again, unlike in *Jernigan*, in this case there has been no admission of liability by Capitol. Even if Capitol were to make such an admission at this stage of the proceedings, there would still not be <u>egregious</u> misjoinder because, as in *Jernigan*, there would still be no evidence that Capitol had admitted liability at the time the Complaint was filed, or even as of the date of the removal. There being no fraudulent misjoinder (much less egregious fraudulent misjoinder), the claims against Capitol must remain part of this case, and the

citizenship of Capitol, which must be considered, destroys diversity.

**B.** ***There Is No Basis for Severing the Workers' Compensation Claims From the Other Claims in This Case.***

GM urges this Court to sever and remand only the workers' compensation claims.[4] There is authority for such a procedure in 28 U.S.C. § 1441(c), which provides:

(1) If a civil action includes--

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

---

[4] This argument is made in both the Notice of Removal (doc. 1 at 9-12, ¶¶40-45) and the response to the Motion to Remand (doc. 26 at 9-14). The Court notes that, even if the claims against Capitol are remanded, there would still not be complete diversity unless the claims against HBB are also deemed to be fraudulently joined. GM argues that HBB also has been fraudulently joined. However, the Court sees no reason to examine that argument since it determines that the entire case should be remanded due to the presence of the properly-joined workers' compensation claims against Capitol.

28 U.S.C.A. § 1441(c)(1),(2) (emphasis added). By its express terms, this statute allows this Court to sever and remand the worker's compensation claims in Counts Seven and Twelve only if those claims are joined with "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)." 28 U.S.C. § 1441(c)(1)(A). *See, Anderson v. Cagle's, Inc.*, 488 F.3d 945, 955 (11th Cir.2007) (emphasizing that statutory interpretation begins with an analysis of the plain meaning). Because there is no such claim in the instant case, severance is inappropriate. *See, Phillips*, 2014 WL 3970176, at *3 ("Congress requires severance in cases involving federal question claims joined with non-removable claims *to the exclusion of* diversity claims.") (emphasis in original); *Watson*, 2012 WL 5931884 at *7 (noting that § 1441(c) applies when the claim over which the court has original jurisdiction is a federal question claim); *Williams*, 542 F. Supp. 2d at 1267, n.3 (same); *Bryant v. Wausau Underwriters Ins. Co.*, No. 2:06-CV-1002-MEF, 2008 WL 1808325, at *2 (M.D. Ala. Apr. 21, 2008) (Fuller, J.) ("§ 1441(c) expressly authorizes a district court to exercise jurisdiction over a claim removed pursuant to § 1331 and remand otherwise non-removable claims or causes of action. There is no such authority in claims removed pursuant to § 1332.").

### C.   *Rule 21 Provides No Basis for Severance.*

GM also argues for the application of Rule 21 of the Federal Rules of Civil

Procedure, which provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FED. R. CIV. P. 21.[5] Despite the reference in the first sentence of this rule to "misjoinder," "[t]he application of Rule 21 has not been limited to cases in which parties were erroneously omitted from the action or technically misjoined contrary to one of the party joinder provisions in the federal rules." 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1682 (3d ed. 2016); *see also*, *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) ("[F]ederal courts of appeals have the authority-like that given to the district courts in FED.R.CIV.P. 21–to dismiss dispensable, nondiverse parties to cure defects in diversity jurisdiction."); *Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985) ("Courts have employed Rule 21 to preserve diversity jurisdiction by dropping a nondiverse party not indispensable to the action under FED.R.CIV.P. 19."); *Bennick v. Boeing Co.*, 427 F. App'x 709, 712 (11th Cir. 2011) (same); *Essex Ins. Co. v. Kart Const., Inc.*, No. 8:14-CV-356-T-23TGW, 2015 WL 628782, at *5 (M.D. Fla. Feb. 12, 2015) (Wilson, M.J.) ("Although this severance provision appears in a rule related to the misjoinder

---

[5] This argument is made both in the Notice of Removal (doc. 1 at 9-12) and GM's opposition to the Motion to Remand (doc. 26 at 9-14).

of parties, it is not so limited."); *Great W. Cas. Co. v. Firstfleet, Inc.*, No. CA 2:12-00623-KD-N, 2013 WL 4165715, at *5 (S.D. Ala. July 18, 2013), report and recommendation adopted as modified, No. CIV.A. 12-00623-KD-N, 2013 WL 4165719 at *5 n. 12 (S.D. Ala. Aug. 15, 2013) (Nelson, M.J.) ("Nominally, the rule applies only to the 'misjoinder' and 'non-joinder' of parties; however, it is also used in the absence of misjoinder and non-joinder to dismiss nondiverse, dispensable parties to cure a lack of diversity subject matter jurisdiction and preserve as much of a case as is properly before the court.").

"Normally, the District Court has discretion under F[ED]. R. CIV. P. 21 in deciding whether to allow the dropping of parties." *Anderson v. Moorer*, 372 F.2d 747, 750 n. 4 (5th Cir. 1967); *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045 (11th Cir. 1986) ("Dropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court."); *Fritz*, 751 F.2d at 1154 ("[T]he district court generally has discretion to determine whether to allow dropping of parties."); *Ferry v. Bekum Am. Corp.*, 185 F. Supp. 2d 1285, 1289 (M.D. Fla. 2002) ("This Court has discretion under Rule 21 to drop parties."). The discretion "is so broad that courts have virtually unfettered discretion in determining whether or not severance is appropriate." *Tillis v. Cameron*, No. 1:07-CV-0078-WKW, 2007 WL 2806770, at *5 (M.D. Ala. Sept. 25, 2007) (Watkins, J.) (internal quotations and

citations omitted). Still, "[f]ederal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent.*" Brown v. Endo Pharm., Inc.,* 38 F. Supp. 3d 1312, 1326–27 (S.D. Ala. 2014) (Steele, J.) (and cases cited therein); *Interior Cleaning Sys., LLC v. Crum*, No. CIV.A. 14-0199-WS-N, 2014 WL 3428932, at *5, n. 10 (S.D. Ala. July 14, 2014) (Steele, J.) (same). "Judicial reluctance to employ Rule 21 in the removal context stems from the concern that application of Rule 21 would circumvent the strict constraints of the removal statute and unduly expand diversity jurisdiction." *Sons of the Revolution in N.Y., Inc. v. Travelers Indem. Co. of Am.*, No. 14 CIV. 03303 LGS, 2014 WL 7004033, at *2 (S.D.N.Y. Dec. 11, 2014) (Schofield, J.). "Whether severance would facilitate ... judicial economy is among the factors a court may examine while determining whether to sever [ ] claims." *Formosa*, 806 F. Supp. 2d at 1187. "Additionally, a court may consider 'the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic.'" *Tillis*, 2007 WL 2806770, at *5 (*quoting Old Colony Ventures I, Inc. v. SMWNPF Holdings, Inc.*, 918 F.Supp. 343, 350 (D.Kan.1996)); *see also*, *Steel v. Viscofan USA, Inc.*, No. 2:16-CV-808-GMB, 2017 WL 253960, at *4 (M.D. Ala. Jan. 19, 2017) (Borden, M.J.) ("Rule 21 severance may also be justified by considerations of judicial economy, case management, prejudice to parties, and fundamental fairness—even

where Rule 20 allows joinder.") (citations and internal quotations omitted); *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 368 (M.D. Fla. 2013) (Whittmore, J.) (same). However, "[t]he fact that the Plaintiffs, who have a choice of a state forum, have objected to severing or dropping the claims . . . weighs against [severing]." *Ferry*, 185 F. Supp. 2d at 1290.

In this case, severance is not appropriate. The Plaintiffs' chosen forum was the state court and they object to severance. Further, judicial economy and convenience are best served by keeping the claims in this action, which arise out of the same facts, together. *See*, *Steel*, 2017 WL 253960, at *4 ("[S]everance undeniably creates its own inefficiencies by requiring the parties to litigate parallel lawsuits in two forums relating to the same nucleus of facts."). Further, this Court does not think it appropriate to sever the workers' compensation claim from the tort claims when it is uncertain that an Alabama state court would do so. *See, Priest v. Sealift Servs. Int'l, Inc.*, 953 F. Supp. 363, 364 (N.D. Ala. 1997) (Acker, J.) ("This court understands that some Alabama trial judges under similar procedural circumstances, instead of severing a workers' compensation count from a tort count, try to a jury the tort count against alleged non-employer tortfeasors while reserving to themselves the separate workers' compensation claim based on the same evidence, thus saving two trials."); *see also*, *Williams*, 542 F.Supp.2d at 1265 (noting that "Alabama's worker's

compensation statute specifically provides for the joinder of worker's compensation claims with other claims arising out of the same transaction."); *Brooks*, 176 F.Supp.2d at 1277 ("[T]he court has been cited to no authority, and is aware of none, which states that a state circuit court must sever such claims."); *Wingard*, 2008 WL 4368884, at *4 (finding that it is far from being the "recognized practice" for Alabama judges to sever these claims). Finally, as noted by Judge Coogler in *Phillips*:

> [T]he doctrine of fraudulent joinder is designed to address a situation where the Plaintiffs attempt to join an in-state defendant or non-removable claim in order to defeat diversity jurisdiction. *See Triggs*, 154 F.3d at 1287 (identifying the three types of fraudulent joinder). <u>If a defendant could sever non-diverse defendants in order to establish removal jurisdiction, many defendants would likely attempt to seek this post-removal action by the courts in order to avoid meeting the burdens associated with fraudulent joinder. Such a broad right would be inconsistent with the strict construction of the removal statute and the presumption in favor of remand.</u> See *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir.2013) (explaining that the right to remove is strictly construed in favor of remand).

*Phillips*, 2014 WL 3970176, at *4–5 (emphasis added). The Court agrees with and adopts this reasoning.

As support for severance under Rule 21, GM relies heavily on Judge Blackburn's opinion in *Formosa v. Lowe's Home Centers, Inc.*, a case factually very similar to the instant case. The plaintiff in *Formosa* was injured while working at Lowe's when the leg of a backless barstool on which she was sitting came off. She

sued Lowe's for workers' compensation benefits. Against L.G. Sourcing and the fictitious defendants, the plaintiff alleged the state law claims of negligent and wanton design of the barstool, negligent failure to warn, and breach of express and/or implied warranties. The non-workers' compensation claims fell under the Alabama Extended Manufacturers Liability Doctrine (the "AEMLD"). The case was removed on the basis of diversity jurisdiction.

Judge Blackburn reached the same conclusion as this Court in holding that there was no fraudulent misjoinder. *Formosa*, 806 F. Supp. 2d at 1189 ("[T]he court finds that Rule 20's requirements are met in this case, and plaintiff's actions in joining these claims can hardly be viewed as egregious. Because the claims in this case involve several liability and common questions of fact, the claims are properly joined. ") (internal citations and quotations omitted). She then held severance pursuant to Rule 21 to be appropriate because "worker's compensation claims are expedited in state court and generally resolve much faster than AEMLD claims.," and *"the claims differ as to the damages that are recoverable." Formosa*, 806 F. Supp. 2d at 1190.

GM goes to great lengths to demonstrate that the factors cited by Judge Blackburn in *Formosa* are present in the instant case. (Doc. 1 at 10-12; doc. 26 at 10-12). However, Judge Blackburn's rationale for severance was mere dicta. The basis for not remanding the AEMLD claims was <u>waiver</u>, not the fact that worker's

compensation claims are expedited in state court and that the claims differ as to the

damages that are recoverable.[6] *Accord*, *Watson*, 2012 WL 5931884, at \*8. For this

reason, the Court does not find the rationale for severance, as stated by Blackburn in

*Formosa*, to be persuasive.

### D. **The Eleventh Circuit's Opinion in Reed v. Heil Co. Is Not Dispositive of This Issue.**

GM cites *Reed v. Heil Co.* as authority for the proposition that this Court may

sever and remand Counts Seven and Twelve. In *Reed*, the plaintiff suffered a back

---

[6] Judge Blackburn noted:

> The court need not address the removability of the non-worker's compensation state law claims (Counts Two, Three, and Four) in this case, because . . . Formosa waived her right to move to remand these claims by not moving to remand within thirty days of removal. Because subject matter jurisdiction otherwise exists over these claims based on diversity jurisdiction, the court may retain jurisdiction over Counts Two through Four, even if they were improperly removed to this court. . . . The court does not now address the question of whether remand of the entire case would have been warranted if Formosa had filed her Motion to Remand within thirty days of removal.

*Id.* at 1192–93. Indeed, Judge Blackburn even recognized that

> [w]hen faced with removed cases containing worker's compensation claims, several district courts in Alabama have chosen to remand the entire case rather than sever and remand the nonremovable worker's compensation claim, <u>particularly where the only basis for federal jurisdiction was diversity jurisdiction, as here</u>.

*Formosa*, 806 F. Supp. 2d at 1189 (emphasis added) (*citing Wingard*, 2008 WL 4368884, at \*4; *Bryant*, 2008 WL 1808325; *Williams*, 542 F.Supp.2d at 1267; *Wilson*, 2010 WL 1542501; *Nelson v. Dolgencorp, Inc.*, 2005 WL 1588688, \*4 (S.D.Ala. June 30, 2005); *Wall v. Kimberly–Clark*, 2000 WL 1367995, \*1 (S.D.Ala. Sept. 19, 2000)).

injury while working for his employer, the Heil Company ("Heil"). During the next two years the plaintiff engaged in light duty assignments, but was eventually terminated by Heil. Thereafter he filed suit against Heil in an Alabama state court alleging a violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 (the "ADA"). He also alleged that his termination constituted a breach of contract, and violated an Alabama statute (Ala. Code § 25-5-11.1) barring retaliation against employees who file a workers' compensation claim. The district court granted summary judgment for Heil on all claims and Reed appealed the grant of summary judgment only on the retaliatory discharge and ADA claims.

The Eleventh Circuit noted:

Defendants can remove civil actions over which the federal courts would have had original jurisdiction. See 28 U.S.C. § 1441(a). The federal district court would have had original jurisdiction over Reed's ADA claim because it arose under federal law. *See* 28 U.S.C. § 1331. In addition, federal courts can exercise supplemental jurisdiction over state law claims that form part of the same case or controversy as the claim with original federal jurisdiction. See 28 U.S.C. § 1367(a); see also 28 U.S.C. § 1441(c).

A few actions, however, cannot be removed from state to federal court. Specifically, 28 U.S.C. § 1445(c) bars the removal of claims from state court "arising under the workmen's compensation laws" of the forum state. Thus, we must decide whether Reed's retaliatory discharge claim, brought pursuant to section 25–5–11.1 of the Alabama Code, "arises under the workmen's compensation laws" for the purposes of section 1445(c).

*Reed*, 206 F.3d at 1058. The court then held that

> [u]nder the plain meaning of section 1445(c), claims raised under section 25–5–11.1 arise under Alabama's workers' compensation laws.
>
> Pursuant to this holding, we conclude that the federal court lacks subject matter jurisdiction to entertain Reed's retaliatory discharge claim; it must be remanded to state court.

*Id.* at 1060–61. The Eleventh Circuit did not direct remand of the entire case, however. It went on to address the merits of the ADA claim and affirmed the district court's dismissal of that claim. It then remanded the case to the district court with instructions to remand the retaliatory discharge claim to state court.

Judge Steele, in the Middle District of Alabama, in a case cited by GM (*see* doc. 1 at 9-10; doc. 26 at 9-10), interprets *Reed* as holding that "when removal is properly accomplished under Section 1441(a), the federal court is to remand the worker's compensation claim and retain the properly removed claims." *Lamar v. Home Depot*, 907 F. Supp. 2d 1311, 1315 (S.D. Ala. 2012). In *Lamar*, Judge Steele held that the "the *Reed* Court based the propriety of removing and retaining the ADA claim on Section 1441(a), not Section 1441(c)." *Lamar*, 907 F. Supp. 2d at 1315. He noted that section 1441(a) provides for the removal of cases over which the district courts have original jurisdiction. He then determined that *Reed* stands for the proposition that, even when original jurisdiction is based upon diversity of citizenship

under 28 U.S.C. § 1332, the Court can sever and remand the workers' compensation claim, and retain the remaining claims.[7]  (*Id.*).

The Court respectfully disagrees with Judge Steele's analysis. As noted in *Lamar*, the Eleventh Circuit did not state its basis for keeping the ADA claim while remanding the workers' compensation claim. *Id.* at 1313 ("The Court then proceeded to address the merits of the ADA claim, without separate explanation why it was not remanding that claim as well."). For that reason alone, *Reed* is not on point. Further, the court agrees with, and adopts the following reasoning of Magistrate Judge Borden in the very recent case of *Steel v. Viscofan USA, Inc.*:

> Ultimately, this court will not read out of § 1441(c) the distinction between claims rooted in federal question and diversity jurisdiction, or join in *Lamar*'s holding that *Reed* compels such a result. . . . Rather, this court finds that "*Reed* can not be interpreted as authority for severing and remanding worker's compensation claims in cases that are removed under § 1332 (diversity) because *Reed* involved a case removed under § 1331 (federal question)." *Bryant*, 2008 WL 1808325, at *2 (citing *Williams v. CNH Am.*, LLC, 542 F. Supp. 2d 1261, 1266 (M.D. Ala. 2008), which holds that *Reed* is controlling authority only where federal question claims are joined with a workers' compensation claim). Only this result "corresponds with the heightened federalism concerns underlying removal jurisdiction based on diversity citizenship," *Phillips*, 2014 WL 3970176 at *4, and only this result jibes with this court's interpretation of *Reed* in the context of §§ 1441(c) and 1445(c).

---

[7] In its Notice of Removal, GM also cites to a later opinion by Judge Steele, where he, citing *Lamar,* followed this same approach. (Doc. 1 at 9) (*citing Musgrove v. Kellogg Brown & Root, LLC*, No. CIV.A. 13-0104-WS-C, 2013 WL 1827583, at *2 (S.D. Ala. Apr. 29, 2013) (Steele, J.). As noted *infra*, the Court finds *Lamar* to be unpersuasive. For those same reasons, the Court also finds *Musgrove* to be unpersuasive.

*Steel*, 2017 WL 253960, at *3.

## III.    CONCLUSION

Based on the foregoing, the citizenship of Capitol is properly considered in determining whether this Court has diversity jurisdiction under 28 U.S.C. § 1332. Because Capitol and the Plaintiffs both are citizens of Alabama, there is not complete diversity. Accordingly, this Court does not have subject matter jurisdiction over this case and it will be **REMANDED** by separate order.

**DONE** and **ORDERED** this 18th day of April, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge